**UNITED STATES DICTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

MULTISPORTS USA,
a Florida corporation,

Plaintiff,

v.

THE HUT GROUP LIMITED
d/b/a PROBIKEKIT, a foreign
company,

Defendant.
_________________________________/

**CASE NO.**

## COMPLAINT

Plaintiff, MUTLISPORTS USA, INC, a Florida corporation, sues Defendant THE HUT GROUP LIMITED d/b/a PROBIKEKIT ("HUT"), a foreign company. In support of its Complaint, Plaintiff alleges as follows:

## INTRODUCTION

1. This is an action for tortious interference and unjust enrichment.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(2). This dispute involves a controversy exceeding $75,000.00 between a citizen of this state and the subjects of a foreign state.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PARTIES

4. Plaintiff MULTISPORTS USA INC., is Florida corporation. The purpose of this company is market and distribute sports accessories in the United States.

5. Defendant HUT is a foreign corporation registered in the United Kingdom. Defendant owns and operates the website www.ProBikeKit.com. The website sells sports accessories to cycling enthusiasts.

## GENERAL ALLEGATIONS

6. On or about April, 2013, Plaintiff entered into an exclusive distribution agreement (the "Agreement") with Compressport, a sports accessories manufacturer, for the distribution of Compressport merchandise in the United States (the "exclusive territory"). Among other provisions, the Agreement specified yearly sales targets that Plaintiff was required to achieve. However, as a direct result of Defendant's intentional and unjustifiable conduct, Plaintiff suffered damages including the termination of its contract with Compressport.

7. In furtherance of the Agreement, Plaintiff pursued an aggressive marketing and sales campaign to market and promote the Compressport brand in the exclusive territory.

8. Plaintiff became aware that HUT was selling and promoting the brand in the United States in 2013. By offering substantial online discounts directed to Plaintiff's customer's in the territory, HUT intentionally and unjustifiably interfered with Plaintiff's business relationships in the U.S. territory. HUT also intentionally and unjustifiably interfered with Plaintiff's existing business relationship with Compressport.

9. The tactics used by HUT to intentionally and unjustifiably interfere with Plaintiff's business relationships include but are not limited to the following:

a) circumventing U.S. Federal Drug Administration regulations concerning the sale of sports compression accessories;

b) utilizing false HTS classifications to skirt U.S. border and customs restrictions on the import of compression products; and

c) establishing the website "ProBikeKitUSA" to mislead customers in the territory that it was a United States-based company.

10. In 2013, HUT was warned to cease and desist from the above-described infringing activity. However, despite having been warned of the infringing activity, HUT's infringing activity actually increased. HUT's conduct resulted in a drastic reduction of sales for Plaintiff and termination of its contract with Compressport.

11. The Plaintiff invested more than 3 years in marketing, organizing and attending exhibitions across the United States to establish the good will, credibility and name of the Compressport brand.

12. These marketing efforts created goodwill for Compressport products and created name recognition for the product. All marketing and promotional campaigns in the Unites States territory was paid for by Plaintiff solely.

13. Due to Plaintiff's efforts, Plaintiff developed business relationships with sports accessory retailers and consumers throughout the United States.

14. All conditions precedent have been fulfilled or have otherwise been waived.

15. Plaintiff is required to pay the undersigned attorneys a reasonable fee to bring this action for relief.

**COUNT I**
**TORTIOUS IN TERFERENCE**

16. PLAINTIFF incorporates by reference paragraphs 1 through 15 as though set forth herein.

17. DEFENDANT knowingly and intentionally interfered with PLAINTIFF'S existing and prospective business relationships in the United States sales territory.

18. DEFENDANT had knowledge that valuable business relationships existed between Plaintiff and its customers. Defendant intentionally and unjustifiably interfered with those relationships.

19. DEFENDANT continued to sell directly to the United States market with full knowledge that the United States was the exclusive sales territory of PLAINTIFF.

20. The PLAINTIFF has been damaged as a result of DEFENDANT'S tortious interference.

**WHEREFORE**, PLAINTIFF, respectfully requests this honorable Court to enter judgment in its favor and award damages and such other relief this court deems just and appropriate.

**COUNT II**
**UNJUST ENRICHMENT**

21. PLAINTIFF incorporates by reference paragraphs 1 through 15 as though set forth herein.

22. PLAINTIFF conferred a benefit on Defendant who has knowledge thereof.

23. PLAINTIFF spent substantial sums of its own money to market and promote Compressport accessories in the United States. The Plaintiffs spent three years establishing goodwill, credibility and name recognition of the Compressport brand with customers and potential customers in the United States.

24. DEFENDANT has voluntarily accepted and retained the benefit conferred from the efforts of Plaintiff.

25. The investment and efforts to Plaintiff, for which, Plaintiff has not been compensated, has greatly enriched the Defendants. The circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying PLAINTIFF the fair value thereof.

26. PLAINTIFF is entitled to damages as a result of DEFENDANT's unjust enrichment, including the return of any merchandise unlawfully accepted by DEFENDANT from PLAINTIFF.

**WHEREFORE,** PLAINTIFF demands monetary damages against DEFENDANT for unjust enrichment and such other relief that the honorable Court deems just and proper.

**Respectfully submitted,**

CUETO LAW GROUP P.L.
Attorneys for Plaintiff
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel.: (305) 777-0377
Fax: (305) 777-0449
sc@CuetoLawGroup.com

By: Santiago Cueto
**SANTIAGO A. CUETO, ESQ., B.C.S.**
Florida Bar No.: 0162566