## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-20960-Civ-COOKE/TORRES

MULTISPORTS USA,
a Florida corporation,

Plaintiff,

vs.

THEHUT.COM LIMITED, a foreign
company, and MAMA MIO US, INC.,
a Delaware company,

Defendants.

_____/

### ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Multisports USA ("Plaintiff" or "Multisports") initiated a diversity action against The Hut Group Limited d/b/a ProBikeKit, alleging tortious interference and unjust enrichment. Plaintiff sought leave to amend its Complaint and subsequently filed its Amended Complaint (ECF No. 18) against TheHut.com Limited and Mama Mio US, Inc. (collectively the "Defendants"), claiming tortious interference against each of the new named Defendants. In response, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (ECF No. 30), arguing that Plaintiff's Amended Complaint should be dismissed for, *inter alia*, lack of subject matter jurisdiction and improper service of process. Plaintiff filed its Response to Defendants' Motion ("Response") (ECF No. 32), to which Defendants filed their Reply to Plaintiff's Response ("Reply") (ECF No. 33). After reviewing Defendants' Motion, the Response and Reply thereto, the record, and relevant legal authorities, I grant Defendants' Motion for the reasons below.

### I.      BACKGROUND

Plaintiff entered into an exclusive distribution agreement (the "Agreement") with Compressport, a nonparty to this litigation, for the distribution of sports compression merchandise in the United States. Amended Compl. ¶ 7, ECF No. 18. Plaintiff contends that Defendants interfered with its business relationship with Compressport. *Id.* ¶ 10. As a

result of Defendants' conduct, Plaintiff claims to have suffered damages for lost sales and termination of its distribution agreement with Compressport worth in excess of $3 million. *Id.* ¶ 20.

## II.   LEGAL STANDARD

Defendants seek to dismiss the complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5). "The defendant has the initial burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of [Fed. R. Civ. P. 4]." *Int'l Imps., Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *3 (S.D. Fla. July 26, 2011) (quotation marks and citation omitted). "The burden then shifts to the plaintiff to prove a *prima facie* case of proper service of process." *Id.* If the plaintiff establishes that service was proper, "the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." *Id.*

Defendants also challenge the Plaintiff's ability to bring the instant action pursuant to Rule 12(b)(1). Under Rule 12(b)(1), a complaint may be dismissed when it is determined that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, "when a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

## III.   DISCUSSION

### A. Insufficient Service of Process on Foreign Defendant

The first issue I must determine is whether service upon Defendant TheHut.com Limited, a United Kingdom-based corporation, was proper under Rule 4(f) and the Hague

Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), <u>Nov. 15, 1965,</u> 20 U.S.T. 361, T.I.A.S. No. 6638.[1]

Under Rule 4(f), there are "three methods for serving an individual in a foreign country: (1) by internationally agreed means, such as those authorized by the [Hague Service Convention]; (2) by a method that is reasonably calculated to give notice; or (3) by other means committed to a court's discretion that are not prohibited by international agreement." *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1359 (S.D. Fla. 2015); *see also Barriere v. Juluca*, No. 12-23510-CIV, 2014 WL 652831, at *1 – 2 (S.D. Fla. Feb. 19, 2014).

In *Barriere v. Juluca*, the district court denied a motion to quash service of process and motion to dismiss while noting that courts were split on the issue of service of a foreign corporation by mail. *Id.* Nevertheless, the district court opted to "follow the rule that where the destination state does not object, service by registered mail is proper under the [Hague Service Convention]." *Id.* Pursuant to Rule 4(f)(2)(C)(ii), the plaintiffs in *Barriere* submitted to the Clerk of Court a request for foreign service upon the defendant abroad. Accordingly, the Clerk of Court dispatched the documents via Federal Express International Mail to the foreign defendant with return receipt requested. *Id.* at *3; *see also TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 632 (S.D. Fla. 2012) (directing the Clerk of Court to serve a foreign defendant by sending documents via Federal Express, return receipt requested, pursuant to Rule 4(f)(3) and Article 10(a) of the Hague Service Convention).

The same steps were not followed by Plaintiff here and make service on TheHut.com Limited deficient. Plaintiff initiated service of process on its own without seeking leave of Court or assistance from the Clerk to properly effectuate service on TheHut.com Limited, pursuant to Rule 4(f)(2)(C)(ii). Because of the disharmony about whether service of process by mail is an appropriate form of service under Rule 4(f) and the Hague Service Convention, Plaintiff should have sought assistance from the Clerk, since "the Court may

---

[1] There is no service deficiency with co-Defendant Mama Mio US, Inc. The record reflects that Plaintiff contacted Defendant's registered agent in Delaware to ask if he or she would accept service of process, which he or she did. Rule 4(h) "permits a plaintiff to serve a corporation by personally serving an officer, a managing or registered agent, or by following the applicable state law." *Winmark Corp. v. Brenoby Sports, Inc.*, No. 13-CIV-62697, 2014 WL 11706427, at *1 (S.D. Fla. May 30, 2014).

use its discretion to decide the proper basis for the chosen method of international service." *Hernandez*, 126 F. Supp. 3d at 1360*; see also Leon v. Cont'l AG*, 176 F. Supp. 3d 1315, 1319 – 20 (S.D. Fla. 2016) (ordering the Clerk of Court serve foreign defendants via international express mail and Federal Express and that plaintiffs file a copy of the "proof of signature" as evidence that service had been effectuated).

Further, Plaintiff has failed to respond to the assertions about the lack of personal jurisdiction over TheHut.com Limited. "On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the initial burden of 'alleging sufficient facts to make out a *prima facie* case of jurisdiction' over the nonresident defendant." *Keim v. ADF MidAtlantic, LLC*, No. 12-80577-CIV, 2016 WL 4248224, at *2 (S.D. Fla. Aug. 10, 2016) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam)). Plaintiff offers no personal jurisdiction analysis over TheHut.com Limited. So even if service was proper, Plaintiff fails to meet his burden on personal jurisdiction over the nonresident Defendant. *See id.* at *2.

### B.  Lack of Subject Matter Jurisdiction

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Districts courts also aver jurisdiction over civil actions where the amount in controversy exceeds $75,000, and is between citizens of different states or foreign countries. 28 U.S.C. § 1332.

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* On the other hand, "a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* (quoting *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1250 (11th Cir. 2007)).

When the attack is factual, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence*, 919 F.2d at 1529. Thus,

"the court may look beyond the four corners of the complaint so long as they relate to jurisdictional issues, hear conflicting evidence and decide the factual issues that determine jurisdiction." *Canopius U.S. Ins., Inc. v. Prestige Gen. Cleaning Servs., Inc.*, No. 14-CIV-81095, 2014 WL 6979658, at *2 (S.D. Fla. Dec. 9, 2014). Moreover, "the courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).

A dismissal for failure to meet the amount in controversy requirement may be granted only where "it appears to a legal certainty that plaintiff's claim is actually for less than the jurisdictional amount." *Lamar Co., LLC v. City of Stuart, Fla.*, No. 08-14267-CIV, 2009 WL 690629, at *2 (S.D. Fla. Mar. 16, 2009) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994); *see also Burlington Ins. Co. v. Brown*, 2013 WL 3470724, at *2 (M.D. Fla. July 10, 2013) ("Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount."). Yet, "where jurisdiction is based on a claim for indeterminate damages, the legal certainty test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Canopius*, 2014 WL 6979658, at *2 (quoting *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)).

Here, the attack on the Court's subject matter jurisdiction is factual. The Plaintiff alleges that this dispute involves a controversy exceeding $75,000. Amended Compl. ¶ 2). As support for the amount in controversy requirement, Plaintiff indicates the following: (1) an unspecified amount in lost sales; and (2) the termination of its distribution agreement with Compressport alleged to be worth in excess of $3 million. (*Id.* ¶ 20). In its Motion, the Defendants specified the total sales of Compressport products it made between January 2013 and February 2016, i.e., the time during which Plaintiff contends the Defendants interfered with Plaintiff's exclusive distribution agreement with Compressport. These sales amounted to $9,109. ECF No. 30-1. This figure pales in comparison to the amount Plaintiff alleges to have suffered. Further, Plaintiff's unspecified amount in lost sales leaves me to speculate as to what the value of the lost sales could be.

Rather than putting forth additional evidence upon Defendants' jurisdictional challenge, Plaintiff keeps to its "conclusory assertions that [its] damages exceed $75,000." *Bradley v. Kelly Servs., Inc.*, 224 Fed. Appx. 893, 894 – 95 (11th Cir. 2007). Though Plaintiff provides copies of its distribution agreement with Compressport, documents relating to its termination with Compressport, and other evidence of Defendants' alleged wrongdoing, it "has not presented any calculations as to the amount of loss resulting from [Defendant]s' alleged misconduct." *Id.* Although Plaintiff made general allegations that it suffered damages, Plaintiff "never quantified these losses with any specific dollar figures." *Id.* Accordingly, Plaintiff speculates that its damages would exceed $75,000, but fails to establish by a preponderance of the evidence that its claims meet the jurisdictional minimum. Accordingly, this Court lacks subject matter jurisdiction to hear this case.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 30) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 18) is **DISMISSED** *without prejudice*. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 21st day of December 2016.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*